```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

INGRID ARNITA FOSTER,            :
                                 :
     Plaintiff,                  :
                                 :
vs.                              :
                                 :    CIVIL ACTION 12-0470-M
MICHAEL J. ASTRUE,               :
Commission of Social Security,   :
                                 :
     Defendant.                  :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 19). Oral argument was waived in this action (Doc. 18). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further administrative action not inconsistent with the Court's Orders.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and

1

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-eight years old, had completed an associate's degree in nursing (Tr. 64), and had previous work experience as a phlebotomist lab assistant (Tr. 64, 67). In claiming benefits, Foster alleges disability due to a left calcaneus fracture and right distal radius fracture (Doc. 13 Fact Sheet).

The Plaintiff filed applications for disability insurance and SSI on August 25, 2009 (Tr. 139-46; *see* Tr. 17). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Foster was disabled between May 18, 2009 through November 29, 2010, but that she showed medical improvement as of November 29, 2010 and was able to perform specific sedentary jobs beyond that date (Tr. 17-28). Plaintiff requested review of the hearing decision (Tr. 11) by the Appeals Council, but it was denied (Tr. 1-5).

In this action, Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Foster alleges that:  (1) The ALJ did not properly consider the opinions of her treating physicians; and (2) the ALJ did not properly consider the side effects of her medications (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 14).

Plaintiff has claimed that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of her physicians.  Foster specifically directs this Court's attention to the records of Drs. Frederick Meyer and Mark Perry (Doc. 13, pp. 5-13).  It is noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2012).

As noted earlier, the ALJ found that Plaintiff had shown medical improvement as of November 29, 2010 and was able to perform specific sedentary jobs beyond that date (Tr. 17-28).  The ALJ reached that conclusion based on evidence provided by Dr. Perry (Tr. 25).  The Court will review that evidence.

---

[1] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3

On November 30, 2010, Dr. Perry, an orthopedic surgeon, noted that Foster had

> periods when she is not having any symptoms. However, on busy days she does have discomfort on the lateral border of her left foot.  She describes the pain as being somewhat superficial and also that her left foot swells which is worse with activity.  Most of her issues, however, are in the anterolateral aspect of her joint.  She notes that when she turns a certain way sometimes she will have rather significant pain.

(Tr. 392).  On examination, the doctor noted that her incisions were well healed.  "Her peroneal tendons are somewhat tender to palpation.  Resisted eversion is also uncomfortable for her.  She has notable tenderness in the anterolateral corner of her joint line and much less so anteromedially" (*id*.).  Radiographic studies showed that Foster had "an estimated 10° of Bohler's angle on the right" (*id*.).  On that same date, Dr. Perry wrote a prescription for Lortab[2] 7.5 to be taken as needed every four to six hours (Tr. 393).  On January 14, 2011, Perry completed a physical capacities evaluation (hereinafter *PCE*) in which he indicated that Plaintiff was capable of lifting or carrying five pounds frequently and ten pounds occasionally and that she could sit for six hours and stand or walk for two hours during an

---

[2]**Error! Main Document Only.** *Lortab* is a semisynthetic narcotic analgesic used for "the relief of moderate to moderately severe pain."  *Physician's Desk Reference* 2926-27 (52nd ed. 1998).

4

eight-hour workday (Tr. 401).  Perry further indicated that Foster could engage in gross manipulation, fine manipulation, bending, and stooping frequently, reaching occasionally, but climbing and working around hazardous machinery only rarely.  The doctor indicated that Plaintiff would miss three days of work per month because of her impairments, noting that she had continued foot pain with irritation from hardware in foot.  The othopod also completed a pain form in which he indicated that Foster had pain but that it would not prevent functioning in everyday activities or work and that physical activity would greatly increase her pain, causing distraction from her tasks; Perry also indicated that her prescribed medications would cause side effects which could be expected to be severe and limit her effectiveness (Tr. 402).

On December 2, 2010, Dr. Frederick N. Meyer, an orthopedic surgeon, stated that he had been seeing Plaintiff for a fracture of her right distal radius and bilateral carpal tunnel syndrome, noting that she had continued numbness in both hands (Tr. 391).  On examination, he found a positive Tinel's on the right and negative on the left; she also had a positive Phalen's bilaterally and positive median nerve compression test.  Meyer further noted varying sensation in the different fingers of the right hand.  An EMG report demonstrated severe left-sided carpal tunnel syndrome and moderately-severe right carpal tunnel

5

syndrome. Dr. Meyer gave Foster steroid injections in both hands. On December 20, 2010, the orthopod completed a PCE in which he indicated that Plaintiff was capable of lifting and carrying ten pounds frequently and twenty pounds occasionally and sitting for eight and standing or walking for three hours during an eight-hour day (Tr. 389). Meyer also indicated that Plaintiff could engage in gross manipulation, bending, stooping, reaching, and operating motor vehicles occasionally, but could use arm and leg controls, climb, engage in fine manipulation, and work around hazardous machinery only rarely. The doctor indicated that Foster would miss three days of work a month because of her impairments. Dr. Meyer also completed a pain questionnaire in which he indicated that Plaintiff had pain, but that it would not prevent her from functioning in everyday activities or work and that physical activity would increase her pain but not to such an extent as to prevent functioning; the doctor also noted that her medications would cause side effects which would be expected to be severe and limit her effectiveness (Tr. 390).

    In her decision, the ALJ found that Dr. Perry's notes indicated medical improvement as of November 30, 2010 (Tr. 25). She went on to accord significant weight to Perry's conclusions except that she gave no weight to his opinion that Foster would "miss more than three workdays [a month] as a result of the

6

claimant's impairments and/or treatments" (Tr. 26).  In reaching this decision, the ALJ found that Perry's medical notes did not support that conclusion.  The ALJ went on to give significant weight to the opinions of Dr. Meyer (Tr. 26).

The Court first notes that the ALJ mischaracterized Dr. Perry's conclusion that Foster would "miss more than three workdays" a month because of her impairments (Tr. 26).  The doctor said that she would miss three days a month—not more than three days a month (Tr. 401).  The Court also notes that the ALJ did not acknowledge that Dr. Meyer indicated that Plaintiff would miss three days a month because of her impairments; she also gave significant weight to Dr. Meyer's opinions (Tr. 26; *cf.* Tr. 389).  While this might seem to be a minor detail, the Court notes that the Vocational Expert testified that if Plaintiff had to miss three days of work a month, she would not be able to perform any work (Tr. 91).  The Court finds that the ALJ's conclusions are internally inconsistent and further finds that the ALJ's decision is not supported by substantial evidence.

The Court further notes that Dr. Perry, in an examination note from March 1, 2011, wrote the following:

> At this point [Foster] does not desire
> surgical intervention for her symptoms.  She
> is aware that this office will always be
> happy to see her but I will not schedule a

7

>       followup appointment at this time.  When she
>       reaches the level that her symptoms no
>       longer are tolerable she will recontact the
>       office.  **I do not wish my choice of words in
>       describing her symptoms to be interpreted as
>       though she does not have significant pain
>       and discomfort at this time.  Apparently my
>       previous notes were interpreted by the
>       administrative judge as though she is not
>       having pain as of my last visit.  This is
>       not the interpretation that I would give my
>       office notes.  She was also given a
>       prescription for Lortab 7.5 today.**

(Tr. 404) (emphasis added).[3]

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental evidentiary hearing for the gathering of evidence as to Plaintiff's ability to work.  Judgment will be entered by separate Order.

DONE this 20th day of February, 2013.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE

---

[3] Though the Government seems unsure whether the Court can consider this evidence or not (*see* Doc. 14, pp. 9-10), a decision on that point is unnecessary as the Court has already determined that the ALJ's decision is not supported by substantial evidence on other grounds.  Nevertheless, the Court notes that this evidence, initially submitted to the Appeals Council, should be considered by the ALJ on remand.

8