IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

```
INGRID ARNITA FOSTER,             :
                                  :
    Plaintiff,                    :
                                  :
vs.                               :    CIVIL ACTION 12-0470-M
                                  :
CAROLYN W. COLVIN,                :
Commission of Social Security,[1] :
                                  :
    Defendant.                    :
```

MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Attorney's Application for Attorney Fees Under the Equal Access to Justice Act (hereinafter *EAJA*), with supporting Documentation (Doc. 22). Though it has been forty-two days since it was filed, Defendant has not responded or objected to Plaintiff's Application. After consideration of the pertinent pleadings, it is **ORDERED** that the Motion be **GRANTED** and that Plaintiff be **AWARDED** an EAJA attorney's fee in the amount of $1,937.50.

Plaintiff filed this action on July 19, 2012 (Doc. 1). On

---

[1]Carolyn W. Colvin became the Commissioner of Social Security on February 14, 2013.  Pursuant to Fed.R.Civ.P. 25(d), Colvin is substituted for Michael J. Astrue as Defendant in this action.  No further action needs to be taken as a result of this substitution.  42 U.S.C. § 405(g).

1

February 20, 2013, the undersigned Judge entered a Memorandum Opinion and Order, reversing the decision of the Commissioner, and remanding this action for further proceedings (Doc. 20). Judgment was entered in favor of Plaintiff and against Defendant (Doc. 21).

On April 30, 2013, Quinn E. Brock, counsel for Plaintiff, filed an Application for Attorney Fees Under the EAJA, in which he requested a fee of $1,937.50, computed at an hourly rate of $125.00 for 15.50 hours spent in this Court (Doc. 22).

The EAJA requires a court to

> award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of Agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate

2

Procedure. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

As set out above, there are three statutory conditions that must be satisfied before EAJA fees may be awarded pursuant to 28 U.S.C. § 2412. *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). First, the claimant must file an application for fees within the thirty-day period. Second, the claimant must be a prevailing party. Third, the Government's position must not be substantially justified.

The Court finds that this action was timely filed as it was filed within thirty days after the time to appeal the judgment expired (February 20, 2013 through April 30, 2013). The Court notes that Plaintiff was the prevailing party in this action (Docs. 20-21). This satisfies the first two of the statutory requirements.

With regard to the last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail "to establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees." *Myers*, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)). That means that the Government must show that there was a "reasonable basis both in law and fact" for the positions it

3

took.  *Myers*, 916 F.2d at 666 (citations omitted).  The Court notes that "[a]n examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's preligitation conduct and the subsequent litigation positions of the Justice Department. . . . Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees."  *Myers*, 916 F.2d at 666 n.5 (citations omitted).  Though Defendant bears the burden of showing that its position was substantially justified, "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified."  *Ashburn v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

Respondent has not filed a response or objected to Foster's Application.  As such, the Court finds that the Government has not established that Foster's position was not substantially justified.  Nevertheless, the Court notes that, in the Memorandum Opinion and Order dated February 20, 2013 (Doc. 20), the Court found as follows:

> The Court first notes that the ALJ mischaracterized Dr. Perry's conclusion that Foster would "miss more than three workdays" a month because of her impairments (Tr. 26).  The doctor said that she would miss three days a

> month—not more than three days a month (Tr. 401). The Court also notes that the ALJ did not acknowledge that Dr. Meyer indicated that Plaintiff would miss three days a month because of her impairments; she also gave significant weight to Dr. Meyer's opinions (Tr. 26; *cf.* Tr. 389). While this might seem to be a minor detail, the Court notes that the Vocational Expert testified that if Plaintiff had to miss three days of work a month, she would not be able to perform any work (Tr. 91). The Court finds that the ALJ's conclusions are internally inconsistent and further finds that the ALJ's decision is not supported by substantial evidence.

(Doc. 20, p. 7).

As set out above, in the Memorandum Opinion and Order, the Court finds that, based upon a review of the entire record, the ALJ's decision was not supported by substantial evidence because the ALJ mischaracterized some of the medical evidence; this was relied on by the vocational expert in giving his opinion, an opinion that was ultimately ignored because of the ALJ's mischaracterization of the evidence upon which it relied. Therefore, the Government's position was not substantially justified.

Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in this action. The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful

starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Watford v. Heckler*, 765 F.2d 1562, 1586 (11th Cir. 1985 (EAJA) (*quoting Hensley v. Eckhartt*, 461 U.S. 424, 433 (1983) (§ 1988)).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  In the private section, 'billing judgment' is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted).  Counsel must use

professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights.  *Norman v. Housing Authority*, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's Attorneys' Application and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's counsel's time expended in prosecuting this action for a total of 15.5 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).  Since 2001, the prevailing market rate in the Southern District of Alabama has

7

been $125.00 per hour.  *See, e.g.*, *Smith v. Massanari*, Civil Action 00-0812-P-M (S.D. Ala. October 25, 2001); and *Square v. Halter*, Civil Action 00-0516-BH-L (S.D. Ala. April 12, 2001). Though the Court now allows for a higher hourly rate based on the ever-increasing cost of living, *see Lucy v. Barnhart*, Civil Action 06-0147-C (S.D. Ala. July 5, 2007 (Doc. 32)), Brock is asking for only $125.00 per hour (Doc. 22).  This rate, $125.00 per hour, times the amount of time worked, 15.5 hours, equals $1,937.50.

As noted earlier, EAJA allows a Court to make an "*award to a prevailing party*."  28 U.S.C. § 2412(d)(1)(A).  In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Eleventh Circuit Court of Appeals stated that "[i]t is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party."  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 724 (2008) ("We conclude the EAJA means what it says:  attorney's fees are awarded to the 'prevailing party,' not to the prevailing party's attorney").  The United States Supreme Court, in the unanimous decision of *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010), held "that a § 2412(d) fees award is payable to the litigant and is

therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States," removing any doubt as to whom the award should be paid.  Under the reasoning of *Reeves* and *Ratliff*, the Court finds that the award should be paid to Plaintiff Ingrid Arnita Foster and not to her attorney.

In conclusion, it is **ORDERED** that Plaintiff's Application (Doc. 22) be **GRANTED** as set out above and that Plaintiff be **AWARDED** an EAJA attorney's fee in the amount of $1,937.50.

DONE this 11th day of June, 2013.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE